# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| DION THOMAS,<br><br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C16-2006-LRR<br>No. CR11-2046-LRR<br><br>ORDER |

---

This matter appears before the court on Dion Thomas' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Dion Thomas ("the movant") filed such motion on January 13, 2016.

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court concludes that the movant's claims should be briefed. The parties are **DIRECTED** to respond in the following manner:

> 1. The government is **DIRECTED** to file a brief in response to the movant's § 2255 motion on or before April 10, 2017. The government may attach relevant materials to its brief.
>
> 2. If he so chooses, the movant is **DIRECTED** to file a brief in reply to the government's response and/or additional materials related to his § 2255 motion on or before May 1, 2017.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States*

*v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is **DIRECTED** to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is **DIRECTED** to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before March 10, 2017. The clerk's office is **DIRECTED** to provide a copy of this order to the movant's former counsel.[1] After counsel complies with the

---

[1] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal
(continued…)

court's directives, the clerk's office is **DIRECTED** to serve both parties with a copy of the documents that counsel files. If the movant objects to counsel responding as ordered herein, the movant is **DIRECTED** to notify the court of the objection and the basis for the objection within 21 days of the date of this order. Upon receipt of an objection by the movant, the court will notify the parties and counsel that they need not take further action until they are directed to do so by the court.

    **IT IS SO ORDERED**.

    **DATED** this 1st day of February, 2017.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
Op. 10-456 (2010). It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.